## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| **MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY,** | § § § | |
| **Plaintiff,** | § § § | |
| **v.** | § § | **CIVIL ACTION NO.  4:26-cv-614** |
| **KALVIN RICHARDSON,** | § § § | |
| **Defendant.** | § § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

Massachusetts Mutual Life Insurance Company ("MassMutual")[1] brings this complaint for declaratory judgment against Defendant Kalvin Richardson and respectfully avers as follows:

### I.
### NATURE OF THE CASE

1.      This is a declaratory judgment action concerning a life insurance policy issued by MassMutual and delivered through Haven Life Insurance Agency, LLC, issued on the life of Eric Chineth (the "Insured"), for which Defendant Kalvin Richardson is the owner.

2.      On the Insured's application for the policy, the Insured represented that he had never been convicted of a felony.  In actuality, the Insured was convicted of two felonies.

3.      Had the Insured provided complete and accurate responses to the application questions, MassMutual would not have issued the policy.  In light of the Insured's material misrepresentations, MassMutual seeks a determination from the Court that the policy is void and properly rescinded.

---

[1] C.M. Life Insurance Company is a wholly owned subsidiary of MassMutual.

## II.
## PARTIES

4.      MassMutual is a mutual insurance company duly organized and existing under the laws of the Commonwealth of Massachusetts with its principal place of business in Springfield, Massachusetts.

5.      Defendant Kalvin Richardson is an individual who, upon information and belief, maintains a residence at 4233 O Fallon Lake Drive, O Fallon, Missouri 63366.  Defendant is a citizen of the State of Missouri under 28 U.S.C. § 1332.  Defendant may be served at 4233 O Fallon Lake Drive, O Fallon, Missouri 63366 or wherever else he may be found.

6.      Defendant is the owner of a MassMutual insurance policy bearing number 410021299 (the "Policy").  The Policy is a term life insurance policy, with a $500,000 face amount.

## III.
## JURISDICTION AND VENUE

7.      This suit presents a case of actual controversy within the diversity jurisdiction of this Court.  The Court has jurisdiction under 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity between MassMutual and Defendant.

8.      The venue for this action is proper in the Eastern District of Missouri under 28 U.S.C. § 1391 because Defendant resides in this District and a substantial part of the events or omissions giving rise to the claim occurred in this District.

## IV.
## FACTUAL BACKGROUND

A.      **Issuance of the Policy**

9.      On or around June 11, 2022, the Insured, a Minnesota resident, completed, signed, and submitted an electronic application for individual term life insurance coverage.  A true and

correct copy of the application is attached hereto as Exhibit A.

10.     On the application, MassMutual asked the Insured, "[h]ave you been convicted of or are you currently charged with a felony?" Ex. A at 4.

11.     The Insured answered "No" in response to the above question. *Id.*

12.     Further, on the application,MassMutual asked "[a]re you the insured, policy owner, and person paying the premiums?" Ex. A at 5.

13.     The Insured answered "Yes" in response to the above question. *Id.*

14.     By signing the application, the Insured affirmed that his statements and answers on the application were "true, complete, and correctly recorded to the best of [his] knowledge and belief." Ex. A at 6.  The Insured also agreed to "adopt all statements made in the Application and agree[d] to be bound by them." *Id.*

15.     On June 11, 2022, in reliance on the Insured's representations in the application, MassMutual issued the Minnesota life insurance Policy.  A true and correct copy of the Policy is attached hereto as Exhibit B.

16.     On June 12, 2022, the day after the policy was issued, the Insured completed an Owner Designation Form to transfer his ownership of the Policy to Defendant Kalvin Richardson, the beneficiary of the Policy.  A true and correct copy of the Owner Designation Form is attached hereto as Exhibit C.

17.     The Policy sets forth certain General Provisions, including a provision that MassMutual can "bring legal action to contest the validity of this policy, or of any Policy Change requiring evidence of insurability[,] if [MassMutual] discover[s] a material misstatement or material omission of fact in the initial application or in a later application that was attached (or sent to the Owner for attachment) to this policy." Ex. B at 7.

**B.      Discovery of the Insured's Material Misrepresentations**

18.      On March 4, 2024, the Insured died.  Because the death of the Insured occurred within the two-year contestable period of the Policy, MassMutual conducted routine inquiries to confirm the information provided on the policy application.

19.      During those inquiries, MassMutual discovered that the Insured made material misrepresentations in the application for the Policy.  Specifically, MassMutual discovered that, contrary to the Insured's representation on the application, the Insured had been convicted of multiple felonies.

20.      By way of further explanation, on May 25, 1995, the Insured was found guilty of felony unlawful use of weapon.  A true and correct copy of the Insured's Missouri Criminal History is attached hereto as Exhibit D.

21.      In addition, on May 24, 2017, the Insured was convicted of felony possession of narcotics.  A true and correct copy of the docket summary for *State of Minnesota vs ERIC JERMAIN CHINETH*, Case Number: 27-CR-16-16900 is attached hereto as Exhibit E.

22.      Upon discovery of the Insured's felony convictions, MassMutual's underwriters determined that MassMutual would not have issued the Policy if the Insured accurately and truthfully responded to the questions in the application.  The Insured's misrepresentations were therefore material.

23.      Further, although the Insured represented on his application that he would be the owner of the policy, he changed ownership of the policy to Defendant only a day after the policy was issued. The policy was underwritten based on the material representation that the Insured would be the owner. Upon information and belief, the timing of the ownership transfer indicates the Insured's answer on the application indicting that he intended to own the policy was false.

24.     After learning of the Insured's misrepresentations, MassMutual timely notified Defendant of MassMutual's intent to rescind the Policy based on the Insured's material misrepresentations in the application and provided Defendant with a refund check for all premiums paid on the Policy.  A true and correct copy of the rescission letter and check dated November 11, 2024, is attached hereto as Exhibit F.

25.     Defendant has not responded to MassMutual's correspondence regarding the rescission, which includes follow-up letters that MassMutual sent to Defendant, and Defendant has not cashed the premium refund check.  A true and correct copy of the letter MassMutual sent to Defendant on February 12, 2026, is attached hereto as Exhibit G.

26.     MassMutual now moves this Court for an order that the Policy is void and properly rescinded.  MassMutual reserves its rights to assert additional grounds as warranted based on any other undisclosed and/or misrepresented information.

## V.
## COUNT I – DECLARATORY JUDGMENT

27.     MassMutual incorporates each of the paragraphs above as if set forth herein at length.

28.     MassMutual brings this action seeking rescission of the Policy due to the Insured's material misrepresentations on the application therefor.  MassMutual seeks an order that the Policy is void and properly rescinded.

29.     Under Minnesota law,[2] an insurer may rescind a life insurance policy based on

---

[2] Missouri federal courts sitting in diversity apply the Second Restatement approach to determine whether Missouri law or the law of some other state governs the life insurance contract in question. *Buck v. Am. States Life Ins. Co.*, 723 F. Supp. 155, 158-59 (E.D. Mo. 1989).  Section 192 Restatement (Second) of Conflict of Laws (1971) provides:  "The validity of a life insurance contract issued to the insured upon his application and the rights created thereby are determined, in the absence of an effective choice of law by the insured in his application, by the local law of

material misrepresentations in the application. *See PHL Variable Ins. Co. v. 2008 Christa Joseph Irrevocable Tr. ex rel. BNC Nat. Bank*, 782 F.3d 976, 980 (8th Cir. 2015).

30.     The Insured made material misstatements of fact and otherwise failed to accurately, honestly, and/or truthfully answer and disclose material information on the application for the Policy.

31.     Had MassMutual known of the Insured's misstatements, misrepresentations, and omissions at the time of application, it would not have issued the Policy.

32.     An actual controversy exists between MassMutual and Defendant that is within the jurisdiction of this Court and involves the rights and liabilities under the Policy.

33.     Due to the Insured's material misrepresentations on the application, Defendant is not entitled to coverage under the Policy.  Instead, the Policy is void *ab initio* and properly rescinded, and no coverage is owed thereunder.

34.     MassMutual also requests that the Court award it attorneys' fees incurred in pursuing this action.

## VI.
## RELIEF REQUESTED

35.     WHEREFORE, MassMutual respectfully requests the Court enter an order as follows:

(1)     Declaring that the Policy is rescinded;

---

the state where the insured was domiciled at the time the policy was applied for, unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the transaction and the parties, in which event the local law of the other state will be applied."  Here, the Insured was domiciled in Minnesota at the time the policy was applied for.  Ex. A at 1.  Therefore, Minnesota law will apply.

(2)     Declaring that no insurance under the Policy ever took effect and the Policy is void

        *ab initio*;

(3)     Declaring that no coverage is owed to Defendant under the Policy; and

(4)     Awarding MassMutual damages, prejudgment interest, post-judgment interest,

        costs of suit, reasonable attorneys' fees, and such other relief as this Court deems

        equitable and just.

Respectfully Submitted,

*/s/ Ali R. Olszeski*
Ali R. Olszeski
Attorney-in-Charge
State Bar No. 66168(MO)
ali.olszeski@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH LLP**
320 South Canal Street, Suite 3300
Chicago, Illinois 60606, USA
Telephone: (312) 569 1219

Of Counsel:
Sara Inman (*pro hac vice* admission to be
requested)
State Bar No. 24073098(TX)
Sara.Inman@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH LLP**
1717 Main Street, Suite 5400
Dallas, TX  75201-7367
Telephone:  (469) 357-2500
Facsimile:  (469) 327-0860

**ATTORNEYS FOR PLAINTIFF
MASSACHUSETTS MUTUAL LIFE
INSURANCE COMPANY**